UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOSH ROBERTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OPERATION UNLAWFUL ) <br> NARCOTICS INVESTIGATIONS, ) <br> TREATMENT, AND EDUCATION, ) <br> INC., et al., ) <br> ) <br> Defendants. ) | Civil Action No. 08-37-ART <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

On February 2, 2008, the plaintiff filed a lawsuit in this Court against the following defendants, all of whom are law enforcement officers or agencies: (1) Operation Unlawful Narcotics Investigations, Treatment, and Education, Inc. ("UNITE"); (2) Cumberland Valley Drug Task Force ("CVDTF"); (3) Chris Fultz; (4) Chris Lyon; (5) David Gilbert; and (6) Lake Cumberland Area Drug Task Force ("LCADTF"). R. 1. In an order entered on May 29, 2008, the Court dismissed with prejudice all of the claims against Defendant CVDTF. R. 9. In the same order, the Court dismissed with prejudice the 42 U.S.C. § 1983 claims against Defendants UNITE, Fultz, and Lyon, and the Court also dismissed without prejudice the state law claims against those three defendants. *Id*. Because UNITE, Fultz, and Lyon were victorious on the § 1983 claims, they filed a motion for attorneys' fees on June 27, 2008. R. 11. Shortly thereafter, the claims against Defendants Gilbert and LCADTF were dismissed without prejudice. R. 14. This left the motion for attorneys' fees, R. 11, as the only remaining issue in the case.

On August 26, 2008, after the parties notified the Court they had settled all remaining issues

including the attorneys' fees issue, the Court entered an order discontinuing the case with prejudice. R. 17. The order also denied as moot all pending motions and mandated that the matter be stricken from the active docket. *Id.* However, the order provided that if the settlement was not consummated within thirty days, any party could apply for restoration of the action within that thirty-day period. *Id.* On October 1, 2008, a date outside the thirty-day window, the parties filed a Joint Motion for Extension of Time requesting that this Court give Defendants UNITE, Fultz, and Lyon until October 25, 2008, to renew their motion for attorneys' fees in the event that the settlement agreement is not finalized by that date. R. 18. Because this Court is without jurisdiction to consider this motion, it must be denied.

Federal courts are courts of limited jurisdiction. As such, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)). Neither the Constitution nor statutes of the United States provide general power for a federal court to exercise jurisdiction over the parties and their claims after a case has been dismissed in its entirety and stricken from the active docket. However, the Federal Rules of Civil Procedure provide mechanisms for breathing life back into a terminated case under limited circumstances, *see, e.g.,* Fed. R. Civ. P. 60, and the doctrine of ancillary jurisdiction allows a federal court to take post-dismissal action to the extent necessary to vindicate its authority and enforce its orders, *see Kokkonen*, 511 U.S. at 380 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *United States v. Hudson*, 11 U.S. (7 Cranch) 32 (1812); 13 C. Wright, A. Miller, & E. Cooper, *Fed. Prac. & Pro.* § 3523 (1984); 28 U.S.C. § 1367 (1988 ed., Supp. IV)). Under the facts of this case, though, neither the Federal Rules of Civil Procedure nor the doctrine of ancillary

jurisdiction allow the Court to exercise jurisdiction over the Joint Motion for Extension of Time.

First, while the Federal Rules of Civil Procedure may provide mechanisms for breathing life back into a terminated case, it is clear that a joint motion for extension of time is not such a mechanism. Second, the motion at issue does not fall within the ambit of ancillary jurisdiction because granting an extension of time is not necessary to vindicate the Court's authority or enforce any of its orders. If the Court's order of August 26, 2008, had required the parties to consummate a settlement within thirty days, then the failure to do so would dictate that the Court take action to enforce its order. *See id.* at 381. Nevertheless, the order of August 26 simply provided that the case would be dismissed with prejudice unless one of the parties moved for restoration of the action within thirty days. Because this order is in no way flouted or imperiled by the parties' inability to consummate a settlement, the Court is without authority to act on the parties' Joint Motion for Extension of Time. In the absence of either ancillary jurisdiction or a proper motion to reopen the case pursuant to the Federal Rules of Civil Procedure, any disputes arising out of the settlement process should be brought before a court in a separate lawsuit. *Cf. id.* at 382.

For the foregoing reasons, it is hereby **ORDERED** that the parties' Joint Motion for Extension of Time, R. 18, is **DENIED**.

This the 22nd day of October, 2008.



Signed By:
*Amul R. Thapar*
United States District Judge